While concurring in judgment in the instant case, this author does not agree with the majority's view that Ms. Sidley's statement that appellant's actions were deliberate was admissible as lay opinion testimony. Pursuant to Evid.R. 701, lay opinion testimony is admissible only if it is both "(1) rationally based on the perception of the witness and (2) helpful to a clear understanding of [the witness'] testimony or the determination of a fact in issue." State v. Stojetz (1999),84 Ohio St.3d 452, 463. Commenting on Fed.R.Evid. 701, Klotter noted that lay opinion testimony is not appropriate "when the facts are clear and the jury can draw its own conclusion from the facts." Klotter, Criminal Evidence (7 Ed. 1999) 277, Section 11.3.
In the instant case, there was testimony that appellant grabbed Ms. Pykus, scratched and bruised her arms, shoved her against a wall, and pushed her up against a car door. In my view, Ms. Sidley's opinion testimony that appellant deliberately pushed Ms. Pykus against a door did not meet the second prong of Evid.R. 701. Her testimony was not helpful to the jury, because the jury, based on the facts introduced by earlier testimony, could have made the appropriate inferences and reached the conclusion that appellant's actions were deliberate, without the benefit of Ms. Sidley's opinion.
Nevertheless, I agree with the majority that a failure to object to this testimony on the part of appellant's counsel did not deprive appellant of her right to effective assistance of counsel because her counsel's actions fell within the range of reasonable assistance.
________________________________________ PRESIDING JUDGE DONALD R. FORD